WILLIAM FARROW *vs.* ERASMUS H. COCHRAN and another.

Knox.   Opinion June 4, 1881.

*Life insurance.   Action to recover back the premiums paid.   Breach of contract.*

An action cannot be maintained by the holder of a life insurance policy against the agents of a life insurance company, for premiums paid to them on the same, when it appears that the policy conforms to the application, and is in accordance with the agreement of such agents.

Nor can such an action be maintained against either the principal or agent without proving that he has offered to return the policy, or that it is worthless.

ON REPORT.

Assumpsit for breach of contract.   Plea, general issue, with a brief statement of special matters of defence.

The law court to render such judgment as the law and facts authorize.

The facts appear in the opinion.

*D. N. Mortland*, for the plaintiff.

*True P. Pierce*, for the defendants.

BARROWS, J.   In 1865, plaintiff made application to and through defendants, then and still agents for the New England Mutual Life Insurance Company, for a policy from said company on his own life, in the sum of two thousand dollars, payable at his decease, to his wife and children.   His application was accepted and the policy sent; but in one particular it was not conformable to the application or his wishes.   It was not made payable to his wife and children, but to his personal representatives.   He objected to this, and one of the defendant firm, to obviate his objection, added the clause, "payable to Marcia Olivia Farrow, his wife, and his children."   Upon the policy as thus changed, he paid to the defendants as agents of the insurance company, the annual premiums as they fell due, until some time in 1877, to an amount exceeding five hundred dollars, and then for some cause ceased to pay them.   In 1878, having failed after some negotiation to induce the insurance company to issue

in exchange for this policy, another payable to his wife for a
satisfactory amount, he, without offering to return the policy,
brought this action against the defendants to recover the amount
of the premiums he had paid with interest, alleging in one count
a contract on their part to cause him to be insured in said insur-
ance company, by a policy conformable to his application of the
description above stated, and a fraudulent breach of their contract
by issuing to him a worthless and void policy, and adding a count
for money had and received.

He bases his claim upon the idea that the alteration made by
the agent avoided the policy, or at all events that the policy was
not what he contracted for.

But he overlooks the provision in R. S., c. 49, § 64, which
ordains that "such agents (of foreign insurance companies) and
the agents of all domestic companies shall be regarded as in the
place of the company in all respects regarding any insurance
effected by them."

If it could be maintained, against the sweeping mandate of this
statute, that the policy, after the insurance agent had made it
conform to the application which the company had accepted, was
still not binding on the company so far as its effect was changed,
unless ratified by them, the plaintiff would still be as far from
showing himself entitled to recover in this action as ever. What-
ever there is of legal testimony touching the point, indicates that
there was a ratification.   The defendant who made the correction
in the policy testifies :   "I have no doubt that I notified the com-
pany of the correction made to make the policy conform to the
application," and to the further fact that the company then and
subsequently received all the payments of premium, which would
be sufficient proof of ratification if ratification were necessary.

Plaintiff's testimony respecting his interviews with the presi-
dent of the company, and the president's letters to him were
objected to as incompetent; and in this suit to recover of the
agents in their individual capacity, they are plainly mere hearsay
and inadmissible.

Had they been competent, they tend only to show that the
president of the insurance company did not consider it bound

by the policy as corrected, to pay to plaintiff's wife and children, but only to his administrator, not that he regarded the alteration made by their own agent as affecting the validity of the policy.

And here still another matter presents itself, which would be fatal to the plaintiff's case, even supposing all that he claims to be proved by legal testimony with the legal effect which he claims for it. Were it proved that the policy was not what he stipulated for, still the plaintiff cannot be permitted to rescind the contract and recover back what he has paid on it, either from principal or agent, without proving either that he has offered to restore what he got, or that it is worthless. *Cutler* v. *Gilbreth*, 53 Maine, 176. He has done neither. He himself testifies that he has never proposed to surrender his policy, and admits that the company offered him in exchange for it, after he had stopped paying his annual premiums, a paid up policy for five hundred and twenty-three dollars, a sum nearly equal to the total amount of the cash payments he has made exclusive of interest.

There seem to be two insuperable obstacles to the plaintiff's recovery. First: He has got, so far as this report shows, precisely what he bargained for. Second: He keeps what he has got while seeking to recover the consideration paid for it.

*Judgment for defendants.*

APPLETON, C. J., VIRGIN, PETERS, LIBBEY and SYMONDS, JJ., concurred.